J-S79017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHAN EDWARD SHAFFER | : | |
| | : | |
| Appellant | : | No. 832 MDA 2018 |

Appeal from the Judgment of Sentence January 3, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0000585-2014

BEFORE:  SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 04, 2019**

Appellant, Nathan Edward Shaffer, appeals from the judgment of sentence following his jury trial convictions for one count of incest and two counts each of rape of a child, statutory sexual assault, involuntary deviate sexual intercourse (IDSI) with a child, sexual assault, corruption of minors, and aggravated indecent assault of a complainant less than 13 years of age.[1] We affirm.

The trial court briefly summarized this case as follows:

[A] jury trial was held on May 22 and 23, 2017.  The jury found [Appellant] guilty of [the aforementioned crimes].  The crimes occurred [over the course of multiple years] against two separate minor females, M.G. and B.W.[, one of which is Appellant's biological niece.]

---

[1] 18 Pa.C.S.A. §§ 4302, 3121(c), 3122.1, 3123(b), 3124.1, 6301(a)(1), 3125(a)(7), respectively.

On January 3, 2018, the [trial] court sentenced [Appellant] to an aggregate term of 32 to 65 years' incarceration in a state correctional institution, consisting of 20 to 40 years on Count 1, rape of a child; a consecutive 10 to 20 years on Count 2, rape of a child; and a consecutive [two] to [five] years on Count 15, incest.

Trial Court Opinion, 5/14/2018, at 1. This timely appeal resulted.[2]

On appeal, Appellant raises the following issues for our review:

I.    Did the [trial] court err in sustaining the Commonwealth's [o]bjection to the introduction of character evidence, pursuant to Pa.R.[E.] 404, which is relevant to the charges against Appellant?

II.   Did the [trial] court err in sustaining the Commonwealth's [o]bjection to the introduction of testimony pertaining to "business records" kept by Children and Youth Services [(CYS)], pursuant to Pa.R.[E.] 803(b) and 902(11)?

III.  Did the trial court abuse its discretion by imposing 30 to 60 years [of] confinement for [r]ape of a [c]hild when [] Appellant had no prior history of violent or similar crimes, and a prior record score of zero (0); and was the aggregate sentence imposed manifestly excessive and unduly harsh considering Appellant's history, the nature of the offenses, and [Appellant's] rehabilitative needs?

Appellant's Brief at 4.

_____

[2] Appellant filed a timely post-sentence motion on January 10, 2018. The trial court permitted Appellant to file an amended post-sentence motion on March 1, 2018. In sum, Appellant challenged two evidentiary rulings and sought reconsideration of his sentence. On April 23, 2018, the trial court held a hearing on Appellant's post-sentence motions. The trial court denied relief by opinion and order entered on May 14, 2018. Appellant filed a timely notice of appeal on May 16, 2018. On May 18, 2018, the trial court filed an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on May 29, 2018. On August 8, 2018, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a), relying upon its earlier decision filed on May 14, 2018.

Appellant's first two issues challenge the trial court's evidentiary rulings. On such issues, our Supreme Court has set forth our standard of review as follows:

> The standard of review governing evidentiary issues is settled. The decision to admit or exclude evidence is committed to the trial court's sound discretion, and evidentiary rulings will only be reversed upon a showing that a court abused that discretion. A finding of abuse of discretion may not be made merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. Matters within the trial court's discretion are reviewed on appeal under a deferential standard, and any such rulings or determinations will not be disturbed short of a finding that the trial court committed a clear abuse of discretion or an error of law controlling the outcome of the case.

*Commonwealth v. Koch*, 106 A.3d 705, 710–711 (Pa. 2014) (internal citations and quotations omitted).

In his first issue presented, Appellant claims that the trial court erred in sustaining the Commonwealth's objection to character witness testimony at trial. Appellant's Brief at 12-15. More specifically, Appellant claims the trial court erred in precluding his sister from answering a question regarding "his reputation around children" as generally known in the community. *Id.*; *see also* N.T., 5/22/2017, at 135. Appellant claims that "[w]hile the Commonwealth was correct" that character testimony may be presented regarding "lawfulness, truthfulness, [and one's] character for peace[,]" he was also permitted to provide evidence of "a person's good moral character, chastity, and other relevant traits related to the crimes charged." *Id.* at

14-15. Because Appellant was charged with crimes pertaining to children, he argues that "[i]t seems quite apparent that the community consensus of Appellant's behavior around children could not be any more relevant." *Id.* at 15.

Regarding character evidence, our Court has recently reiterated:

As a general rule, evidence of a person's character may not be admitted to show that individual acted in conformity with that character on a particular occasion. Pa.R.E. 404(a). However, Pennsylvania Rule of Evidence 404(a)(1) provides an exception which allows a criminal defendant to offer evidence of his or her character traits which are pertinent to the crimes charged and allows the Commonwealth to rebut the same. Pa.R.E. 404(a)(1). This Court has further explained the limited purpose for which this evidence can be offered:

It has long been the law in Pennsylvania that an individual on trial for an offense against the criminal law is permitted to introduce evidence of his good reputation in any respect which has "proper relation to the subject matter" of the charge at issue. Such evidence has been allowed on a theory that general reputation reflects the character of the individual and a defendant in a criminal case is permitted to prove his good character in order to negate his participation in the offense charged. The rationale for the admission of character testimony is that an accused may not be able to produce any other evidence to exculpate himself from the charge he faces except his own oath and evidence of good character.

It is clearly established that evidence of good character is to be regarded as evidence of substantive fact just as any other evidence tending to establish innocence and may be considered by the jury in connection with all of the evidence presented in the case on the general issue of guilt or innocence. Evidence of good character is substantive and positive evidence, not a mere make weight to be considered in a doubtful case, and, ... is an independent factor

which may of itself engender reasonable doubt or produce a conclusion of innocence. Evidence of good character offered by a defendant in a criminal prosecution must be limited to his general reputation for the particular trait or traits of character involved in the commission of the crime charged. The cross-examination of such witnesses by the Commonwealth must be limited to the same traits. Such evidence must relate to a period at or about the time the offense was committed, and must be established by testimony of witnesses as to the community opinion of the individual in question, not through specific acts or mere rumor.

*Commonwealth v. Goodmond*, 190 A.3d 1197, 1201–1202 (Pa. Super. 2018) (citations and emphasis omitted).

In cases of rape, however, "evidence of the character of the defendant [is] limited to presentation of testimony concerning his general reputation in the community with regard to such traits as non-violence or peaceableness, quietness, good moral character, chastity, and disposition to observe good order." *Commonwealth v. Lauro*, 819 A.2d 100, 109 (Pa. Super. 2003) (citation omitted).

In this case, the trial court determined that the term "reputation around children," as posed by defense counsel to Appellant's sister, was vague and overly broad because it was "not clear what character trait defense counsel was attempting to elicit." Trial Court Opinion, 5/14/2018, at 14. As such, the trial court was left to speculate that "[t]rial counsel might have been attempting to elicit admissible character evidence regarding chastity[.]" *Id.*

Upon review, we discern no abuse of discretion in limiting the character evidence presented. The crux of the charges against Appellant pertained to sexual misconduct with minors. While the crimes at issue were perpetrated against children, Appellant was still required to comport with the limitations for character evidence pertaining to rape. Specific questions about non-violence or peaceableness, quietness, good moral character, chastity, and disposition to observe good order with respect to children would have been permissible. However, Appellant impermissibly asked an overly general question about Appellant's reputation around children without focusing the inquiry upon a specific character trait that a defendant may develop within the scope of a rape prosecution. We discern no abuse of discretion or error of law in sustaining the Commonwealth's objection to the question asked. Moreover, we note that Appellant did elicit character evidence from his sister who stated that people in the community knew Appellant to be a good, truthful, and law-abiding man. N.T., 5/22/2017, at 14. Such testimony was not limited to Appellant's interactions with adults and, thus, the jury heard character evidence relevant to the crimes at issue. For all of the foregoing reasons, Appellant's first issue fails.

In his next question presented, Appellant contends that the trial court erred by sustaining a Commonwealth objection to the admission of an alleged statement by one of the victims set forth in a report from CYS. Appellant's Brief at 16-19. "In the statement, [one of the victim's] allegedly indicated

that [Appellant] threatened to kill her if she told anyone." Trial Court Opinion, 5/14/2018, at 10. Whereas, at trial, the victim claimed that Appellant did not threaten her. Appellant claims the statement in the CYS report qualified as an exception to the rule against hearsay as a business record and that the record could have been authenticated by a custodian, in this case, the testifying caseworker from CYS, Laura Quick. Appellant's Brief at 16-17, *citing* Pa.R.E. 803(6) and Pa.R.E. 902(11).[3] Appellant argues, "this case rested

_____

[3] Pennsylvania Rule of Evidence 902(11) provides that evidence of certified domestic records of regularly conducted activity is self-authenticating and requires no extrinsic evidence of authenticity to be admitted. The Rule provides as follows:

> (**11) Certified Domestic Records of a Regularly Conducted Activity**. The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with Pa.R.C.P. No. 76. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record--and must make the record and certification available for inspection--so that the party has a fair opportunity to challenge them.

Pa.R.E. 902(11).

Pennsylvania Rule of Evidence 803(6), provides the following exception to the rule against hearsay, regardless of whether the declarant is available as a witness:

> **(6) Records of a Regularly Conducted Activity**. A record (which includes a memorandum, report, or data compilation in any form) of an act, event or condition if:
>
> (A)  the record was made at or near the time by--or from information transmitted by--someone with knowledge;

largely on witness credibility, and the presentation of evidence purporting to show inconsistent statements on the part of a key witness should weigh heavily on a decision of innocence or guilt by the trier of fact." *Id.* Appellant concedes, however, that Pa.R.E. 902(11) requires the proponent of a business record give the adverse party written notice of the intent to offer the record at trial and that Appellant did not provide written notice to the Commonwealth. *Id.* at 19. Instead, he argues that the Commonwealth was aware of the record at issue and on notice. *Id.*

On this issue, the trial court first recognized that the testifying witness, Ms. Quick, was not the person that compiled the report wherein one of the victims allegedly stated that Appellant would kill her. "Instead, the statement was contained in a summary or narrative created by [Chet] Troxell[, another

---

(B) the record was kept in the course of a regularly conducted activity of a "business", which term includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Pa.R.E. 803(6).

CYS employee,] when the alleged sexual assault was reported through Childline, before Ms. Quick became involved in the case." Trial Court Opinion, 5/14/2018, at 10. As such, the trial court determined that "the statement was not admissible, because it could not be properly authenticated through the testimony of Ms. Quick." *Id.* Moreover, the trial court determined that "the mere fact that the statement was contained in a business record did not establish its authenticity" and Appellant "did not offer [a] certification" of his intent to offer the record pursuant to Pa.R.E. 902(11). *Id.* at 11. The trial court concluded, "it would be unfair in this case to allow [the victim] to be impeached on Mr. Troxell's interpretation of what was said or, worse yet, possibly a third party's interpretation of [the victim's] words that were relayed to Mr. Troxell." *Id.* at 12. In addition, the trial court noted that it did not preclude Appellant from presenting evidence of the victim's prior inconsistent statements through other means. *Id.* at 11.

Upon review of the record and applicable law, we discern no abuse of discretion or error of law by the trial court in precluding the Childline report. Appellant failed to comply with Pa.R.E. 902(11) when he did not give the Commonwealth written notice of the intent to offer the record at trial. Appellant's claim fails for this reason alone. However, as the trial court also noted, Appellant could not impeach the victim using the CYS report, because it was a summary of what the victim said. *See Commonwealth v. Luster*, 71 A.3d 1029, 1044 (Pa. Super. 2013). ("[A] summary of a witness'

statement cannot be used for impeachment purposes absent adoption of the statement by the witness as his/her own. It would be unfair to allow a witness to be impeached on a [third party's] interpretation of what was said rather than the witness' verbatim words."). Accordingly, for all of the foregoing reasons, we discern no abuse of discretion or error of law by the trial court in barring the CYS document from trial.

In his last issue presented, Appellant challenges his aggregate sentence of 32 to 65 years of imprisonment as "manifestly excessive and unduly harsh in light of his history, characteristics, and rehabilitative needs." Appellant's Brief at 8. Appellant "avers that the trial court abused its discretion by imposing the statutory maximum[ sentences] which, while technically part of the standard range, are tantamount to being in the aggravated range, despite the lack of aggravating factors justifying such." *Id.* Appellant claims that, "the trial court improperly focused nearly exclusively, and extensively, on the gravity of the offense as it relates to the impact on the [lives] of the victim[s], failing to properly consider and weigh the protection of the public or [] Appellant's rehabilitative needs." *Id.* at 23.

In considering a challenge to the discretionary aspects of sentencing, this Court has previously determined:

> Such a challenge is not appealable as of right. Rather, [an a]ppellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. When an [a]ppellant challenges a discretionary aspect of sentencing, we must conduct a four-part analysis before we reach the merits of the [a]ppellant's claim. In this analysis, we must determine: (1) whether the present appeal is timely; (2)

whether the issue raised on appeal was properly preserved; (3) whether Appellant has filed a statement pursuant to Pa.R.A.P. 2119(f); and (4) whether Appellant has raised a substantial question that his sentence is not appropriate under the Sentencing Code.

*Commonwealth v. King*, 182 A.3d 449, 453 (Pa. Super. 2018) (internal case citations omitted). Here, Appellant has complied with the first three prerequisites as set forth above. As such, we must consider whether he raised a substantial question for our review.

Regarding substantial questions, our Court has previously determined:

Generally, [] in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

\* \* \*

Our Supreme Court [has held] that the appellate courts cannot, as a matter of law, reject excessiveness claims on the basis that the sentence is within the statutory limits. Rather, when an excessiveness claim is raised in cases where the sentence falls within the statutory limits, this Court is to review each claim on a case-by-case basis to determine whether a substantial question has been presented. The Supreme Court explained that while we need not accept bald allegations of excessiveness, where the appellant has provided a plausible argument that a sentence is contrary to the Sentencing Code or the fundamental norms underlying the sentencing process, a substantial question exists, requiring a grant of allowance of appeal of the discretionary aspects of the sentence.

*Commonwealth v. Titus*, 816 A.2d 251, 255 (Pa. Super. 2003) (citations omitted).

Moreover, this Court has stated:

A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011). Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa. Super. 2012), *appeal denied*, 75 A.3d 1281 (Pa. 2013).

> To make it clear, a defendant **may** raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013), *reargument denied* (Nov. 21, 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014) (emphasis in original).

Further, "ordinarily, a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor *does not* raise a substantial question." *Commonwealth v. Berry*, 785 A.2d 994, 996–997 (Pa. Super. 2001) (internal citation omitted) (emphasis in original). Specifically,

> [t]here is ample precedent to support a determination that [a claim that the trial court failed to consider an appellant's rehabilitative needs] fails to raise a substantial question.... *See Commonwealth v. Cannon*, 954 A.2d 1222, 1228–1229 (Pa. Super. 2008), *appeal denied*, 964 A.2d 893 (Pa. 2009) (claim that the trial court failed to consider the defendant's rehabilitative needs, age, and educational background did not present a substantial question); *Commonwealth v. Coolbaugh*, 770 A.2d 788, 793 (Pa. Super. 2001) (*citing Commonwealth v. Mobley*, 581 A.2d 949, 952 (Pa. Super. 1990)) (claim that sentence failed to take into consideration the

defendant's rehabilitative needs and was manifestly excessive did not raise a substantial question where sentence was within statutory guidelines and within sentencing guidelines); *Commonwealth v. Coss*, 695 A.2d 831, 833 (Pa. Super. 1997) (when the sentence imposed falls within the statutory limits, an appellant's claim that a sentence is manifestly excessive fails to raise a substantial question); *Commonwealth v. Bershad*, 693 A.2d 1303, 1309 (Pa. Super. 1997) (a claim that a trial court failed to appropriately consider an appellant's rehabilitative needs does not present a substantial question); *Commonwealth v. Lawson*, 650 A.2d 876, 881 (Pa. Super. 1994) (claim of error for failing to consider rehabilitative needs does not present substantial question).

*Commonwealth v. Griffin*, 65 A.3d 932, 936–937 (Pa. Super. 2013), *appeal denied*, 76 A.3d 538 (Pa. 2013). Similarly, "this Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (internal citation omitted).

However, "prior decisions from this Court involving whether a substantial question has been raised by claims that the sentencing court 'failed to consider' or 'failed to adequately consider' sentencing factors [have] been less than a model of clarity and consistency." *Commonwealth v. Seagraves*, 103 A.3d 839, 842 (Pa. Super. 2014) (*citing Dodge*, *supra*). *In Commonwealth v. Dodge*, this Court determined an appellant's claim that the sentencing court "disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence" presented a substantial question. *Dodge*, *supra* at 1273.

This Court has also held that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014) (*quoting Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa. Super. 2005)). Additionally:

> In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

> **Dodge**, *supra* at 1270 (internal citations omitted).

**Commonwealth v. Caldwell**, 117 A.3d 763, 769-770 (Pa. Super. 2015).

Here, Appellant received consecutive sentences totaling 32 to 65 years of imprisonment. He challenges the aggregate term of incarceration as excessive[4] and claims that the trial court failed to consider his rehabilitative needs. We conclude that Appellant has forwarded a plausible argument that his sentence is unreasonable and, therefore, he has advanced a substantial issue for our review. **See Caldwell**, 117 A.3d at 770 ("challenge to the imposition of [defendant's] consecutive sentences as unduly excessive, together with [a] claim that the court failed to consider [] rehabilitative needs upon fashioning its sentence, presents a substantial question."). As such, we turn to the merits of his claim.

Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal

_____

[4] While Appellant does not overtly assail the consecutive nature of the sentence, he does so implicitly by challenging the length of his aggregate sentence.

- 14 -

absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Id.***

Initially, we note that the trial court received, and reviewed, a pre-sentence investigation (PSI) report prior to sentencing. ***See*** N.T., 1/3/2018, at 5. This Court has recently reiterated:

When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant.

\* \* \*

A judge's statement of the reasons for imposing a particular sentence must clearly show that he has given individualized consideration to the character of the defendant. In addition:

Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A presentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.

Accordingly, where the sentencing judge had the benefit of a pre-sentence report, it will be presumed that he was aware of relevant information regarding appellant's character and weighed those considerations along with the mitigating statutory factors.

***Commonwealth v. Conte***, 2018 WL 5666923, at *5 (Pa. Super. November 1, 2018). Because the trial court had the benefit of a PSI report, we presume that it considered the required statutory factors when sentencing Appellant.

Finally, upon our review of the sentencing transcript, we conclude that the trial court stated its reasons on the record regarding Appellant's potential for rehabilitation. The trial court first noted that Appellant lacked remorse and failed to accept responsibility for his crimes. Instead, Appellant claimed that the victims fabricated the crimes because he would not buy them alcohol. N.T., 1/3/2018, at 30-32. The trial court also concluded that Appellant's risk of re-offense was "significant," because of "the predatory nature of the offenses, [] breach of trust, [and] progressive conduct." ***Id.*** at 33. As such, we reject Appellant's argument that the trial court failed to consider rehabilitation when fashioning its sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/04/2019

- 16 -